**Lawrence CHOLEWIN,
Plaintiff–Appellant,**

v.

**CITY OF EVANSTON,
Defendant–Appellee.**

**No. 89-2707.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 26, 1990.

Decided April 13, 1990.

Rehearing and Rehearing En Banc Denied May 15, 1990.

Elizabeth Dale, Kenneth N. Flaxman, Chicago, Ill., for plaintiff-appellant.

Jack M. Siegel, Siegel & Warnock, Chicago, Ill., for defendant-appellee.

Before WOOD, Jr., FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Plaintiff Lawrence Cholewin filed a § 1983 action claiming that defendant, the City of Evanston ("Evanston") deprived him of property without due process of law when it denied Cholewin injured-on-duty pay under ILL.REV.STAT., ch. 70, § 91. Prior to the denial, Evanston provided Cholewin

with notice of the investigation concerning his eligibility and an interview with the investigator at which Cholewin was represented by counsel. Cholewin claims this was insufficient to satisfy due process because he maintains that he was entitled to a full evidentiary hearing at which he could cross-examine witnesses and review documentary evidence. The district court, 716 F.Supp. 369, held that the procedures provided by Evanston satisfied due process, and we affirm.

### I.

Cholewin has been employed as a police officer by Evanston for about twelve years. In September, 1988, he reported to Evanston that he had been injured in the line of duty while assisting several other officers unhitch a boat trailer from a police van. It is undisputed that Cholewin was injured, but several of the officers who were with Cholewin at the time did not see Cholewin help unhitch the trailer and therefore, there is some question about whether he was injured during this incident and not at some other time. The injury, a herniated cervical disk, rendered him unable to work as a police officer.

Beginning in September, 1988, Evanston paid Cholewin injured-on-duty benefits pursuant to ILL.REV.STAT., ch. 70 § 91.[1] At the same time, the Internal Affairs Bureau of the Evanston Police Department began investigating the veracity of Cholewin's claims that he had been injured while on duty. The Internal Affairs Bureau interviewed the officers who had been present at the alleged time of injury and collected memos and other documents which pertained to the incident.

On October 4, 1988, Cholewin was given written notice of the investigation informing him of the nature of the investigation and its factual basis. Cholewin was further informed that he would be interviewed

---

1. Section 91 provides:

   Whenever any law enforcement officer ... who is employed on a full time basis by the State of Illinois [or] any unit of local government ... suffers any injury in the line of duty which caused him to be unable to perform his duties, he shall continue to be paid on the same basis he was paid before the injury ... during the time he is unable to perform his duties due to the result of the injury but not longer than one year in relation to the same injury.

concerning the events at issue and that he had the option of obtaining counsel to represent him at the interview. Cholewin promptly retained an attorney from the police officers' union to represent him.

On December 22, 1988, Cholewin was interviewed in the presence of his counsel regarding the events at issue. Cholewin told his version of the story regarding his injury, the nature of his injury and his report to the police department. At the end of the interview, Cholewin was asked if he had anything further to say and he replied that he did not.

The information from the investigation was then assembled and presented to a committee. The members of the committee were experts on workers' compensation and job safety, and to insure impartiality, they were not members of the police department. The committee concluded that Cholewin had not suffered an on-duty injury and as a result, he was not eligible for injured-on-duty pay. Although Cholewin was denied this benefit, he was not subject to any disciplinary action. In light of the fact that he was diagnosed as physically incapable of performing his duties as a police officer, he has been given an unpaid leave of absence. He is potentially eligible for workers' compensation benefits.

Cholewin then filed this § 1983 suit. He claimed that he was deprived of property without due process of law. At trial he argued that he had a right to a full evidentiary hearing which included the right to examine all of the documents gathered during the investigation and to confront the witnesses interviewed during the investigation. After a two-day bench trial, the district court entered judgment for the defendant. The district court held that injured-on-duty pay was a protectible property right. Applying *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the court found that Evanston "provided Officer Cholewin with adequate notice of the proposed action against him.... Evanston also provided Officer Cholewin with sufficient opportunity to respond to the charge against him." Consequently, the district court found the

requirements of due process satisfied and held for Evanston. Cholewin appeals the district court's ruling.

## II.

■ The due process clause of the fourteenth amendment guarantees that a person be given notice and an opportunity to be heard at a meaningful time and in a meaningful manner before being deprived of a significant protected property interest. *Loudermill,* 105 S.Ct. at 1495. "In general, 'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." *Id.* (quoting *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 907, 47 L.Ed.2d 18 (1976)). "The Fifth Amendment does not require a trial-type hearing in every conceivable case of government impairment of private interest.... The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria & Rest. Workers, Union, Local 473 v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961). The Supreme Court has reiterated that "[t]he judicial model of decisionmaking is neither a required, nor even the most effective method of decisionmaking in all circumstances." *Mathews,* 96 S.Ct. at 909.

■ It is undisputed that Cholewin was provided with notice and an opportunity to respond. In addition, the district court found that the notice and opportunity to respond were meaningful. Cholewin was given written notice which advised him of the nature of the charge against him and its factual basis. Cholewin was also given an opportunity to respond in writing or orally with the assistance of an attorney. These procedures would appear to satisfy the requirements of the due process clause.

Cholewin's only argument is that he was entitled to a full evidentiary hearing with a right to examine all of the documents and confront all of the witnesses. He cites *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) to support his position. *Goldberg* held that persons could not be deprived of welfare benefits without an appearance "before the official who fi-

nally determines continued eligibility" and without an opportunity "to present evidence to that official orally, or to confront or cross-examine adverse witnesses." *Id.* 397 U.S. at 268, 90 S.Ct. at 1021. Cholewin, analogizing injured-on-duty pay to welfare benefits, claims that he is entitled to similar procedures.

We disagree. The facts of this case are not sufficient under *Goldberg* and subsequent Supreme Court precedent to require a formal hearing. The Supreme Court has approved numerous administrative deprivations similar or more serious than Cholewin's without requiring a full evidentiary hearing. *Mathews* is perhaps the most closely analogous case. There, the Court allowed the termination of disability benefits without a full evidentiary hearing. Injured-on-duty pay closely resembles disability benefits in that both are based on a disability-based inability to work. Yet the Court noted that "[t]he potential deprivation [in *Mathews* ] is generally likely to be less than in *Goldberg* ..." 96 S.Ct. at 906. In *Loudermill*, the Court approved termination of employment without a formal hearing. Yet the plaintiff in *Loudermill* had a stronger interest in his job than Cholewin has in injured-on-duty pay because job termination includes an element of discipline as well as a similar loss of pay to Cholewin's. Cholewin was not disciplined and did not lose his job.

In addition, the procedures employed here were elaborate compared with those approved by the Court in similar situations. For example, in *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), the Court allowed students to be suspended from school on the basis of a conversation with no advance notice to the students, no right to present evidence, no right to counsel and no right to confront witnesses. In *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), the Court held that a tenured public employee is only entitled to oral or written notice of the charges against him, and an opportunity to present his side of the story prior to dismissal. *Id.*, 94 S.Ct. at 1652–53 (opinion of Powell, L.); *id.*, at 1664–65 (opinion of White J.).

Cholewin was given notice and an opportunity to respond. This is the essence of due process. We decline Cholewin's invitation to formalize the process through the requirement of a full evidentiary hearing. The procedures used here were meaningful and well thought out. Cholewin was given ample opportunity to present his side of the case and therefore, the requirements of due process were satisfied. The decision of the district court is AFFIRMED.